ANDERSON *v.* WM. R. MOORE DRY GOODS CO.*

(Division B. Jan. 21, 1929.)

[119 So. 914. No. 27445.]

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, section 2261, p. 502, n. 55; Bills and Notes, 8CJ, section 828, p. 594, n. 32; section 839, p. 603, n. 12; Mere possession of unindorsed note not sufficient to authorize payment by payee, see 3 R. C. L. 1288.

*Brewer & Brewer,* for appellant.

*Maynard, FitzGerald & Venable,* for appellee.

ETHRIDGE, P. J.   The Wm. R. Moore Dry Goods Company sued Anderson upon the balance of two promissory notes executed by Anderson to the appellee, who was plaintiff below.   The case was tried upon an agreed statement of facts, as follows:

"It is agreed by and between Maynard, FitzGerald & Venable attorneys for William R. Moore Dry Goods

Company, and Brewer & Brewer, attorneys for defendant C. M. Anderson, that on the hearing and trial of this cause the following facts and statements shall be taken as true, for the purposes of decision herein.

"I. That the William R. Moore Dry Goods Company was the owner and holder for value of two certain promissory notes, the originals of which are hereto attached and made a part hereof, the first note dated June 29th, 1925, signed by the defendant, C. M. Anderson, payable to the order of Wm. R. Moore Dry Goods Company, in the sum of four hundred thirty-five dollars and forty cents, payable October 1, 1925, on which there is a credit of one hundred forty-eight dollars and forty cents, and bearing eight per cent interest from maturity until paid; the second note being in the same sum, of the same date, payable October 15th, likewise signed by the defendant, and providing for eight per cent interest from maturity until paid, and each note providing for the payment of an attorney's fee for collection if suit is brought thereon, it being agreed by the parties to this stipulation that ten per cent of principal and interest is a reasonable attorney's fee, in the event defendant is found to be liable on both or either of said notes. The said Dry Goods Company is still the owner and holder of the note due October 1st, and is the owner of the note due October 15th, unless the facts as hereinafter set forth constitute payment of the same.

"II. It is further agreed that neither of said notes has been paid to Wm. R. Moore Dry Goods Company except in so far as the facts hereinafter stated constitute payment by C. M. Anderson of one of the notes.

"III. It is agreed that on October 15th, 1925, the William R. Moore Dry Goods Company, the two notes herein mentioned not having been paid, drew a draft on C. M. Anderson at Jonestown, Mississippi, for four hundred thirty-five dollars and forty-five cents, payable at sight.

This draft had attached to it a note signed by C. M. Anderson dated June 29th, 1925, maturing October 15th, 1925, and in the sum of four hundred and thirty-five dollars, the said note being the note sued upon in the second count of declaration as therein described.

"IV. The note thus attached to the draft was not endorsed by William R. Moore Dry Goods Company, but was deposited, attached to the draft, the draft being placed with the Bank of Commerce & Trust Company, Memphis, Tenn., for presentation to C. M. Anderson, and delivery of the note to him upon payment of the draft, the draft with the note attached being placed with the Bank of Commerce & Trust Company, on October 15th, 1925. The draft with the note attached, according to the records of the Bank of Commerce & Trust Company, was transmitted by the Bank of Commerce & Trust Company to the Peoples Bank of Jonestown for collection and remittance to the Bank of Commerce & Trust Company for the account of William R. Moore Dry Goods Company. According to the records of the Bank of Commerce & Trust Company the draft was sent by mail to the Bank of Jonestown. The Bank of Jonestown never received the draft, and upon inquiry by the Bank of Commerce & Trust Company informed this bank that such a draft had never been received.

"V. The Bank of Commerce & Trust Company never expressly authorized anyone to collect the note from C. M. Anderson, and the only person expressly authorized to collect the draft was the Peoples Bank at Jonestown; neither did William R. Moore Dry Goods Company expressly authorize any one to collect either the note or the draft other than the Bank of Commerce & Trust Company, and the person to whom the note was paid was not authorized by said Dry Goods Company or either of said banks to collect said note unless his being the holder in possession of the note under circumstances was authority for C. M. Anderson to pay the note to him.

"As far as William R. Moore Dry Goods Company, Bank of Commerce & Trust Company, and Peoples Bank of Jonestown are concerned, the note disappeared after being attached to said draft, and was lost, and has never again come into their possession, they not knowing where it was until the defendant claimed that he had paid it.

"VII. That on or about the 29th day of October, 1925, a certain person claiming to be named Dyer presented the said note to defendant, C. M. Anderson, claiming that he was authorized to collect it. C. M. Anderson, defendant, without any actual or implied knowledge or notice that the said person was not authorized to collect it, and relying on the statements that the person so presenting it had the right to collect it, and relying on the physical fact that he was the holder and had possession of the note, paid the said note in good faith to the holder thereof without notice that his title was defective, and the said person delivered the note to said defendant, in whose possession the note has remained up until the time it was attached to this stipulation as a part thereof.

"The two notes mentioned herein are attached as a part hereof."

On the agreed statement of facts, the court rendered judgment for the plaintiff.

The appellant contends that the agreement covered exactly the provisions of the Negotiable Instruments Law, and the judgment should have been for the appellant.

Section 2842, Hemingway's Code 1927, provides what constitutes payment in due course:

"Payment is made in due course when it is made at or after the maturity of the instrument to the holder thereof in good faith and without notice that his title is defective."

It will be seen from the agreed statement of facts that the appellant paid the notes to a person who had possession of them, and the contention is that such person was

the holder of the instruments. ·The notes were payable to order, and were not indorsed by the William R. Moore Dry Goods Company, but were sent to a bank for collection, and the person who obtained the notes, and who received payment from the appellant, did not have rightful possession of the notes.

In other words, the appellant paid the notes, payable to order, without the notes having been indorsed to any person by the original payee therein, and the appellant was charged with notice of the fact that the notes were not indorsed by the payee. Therefore the person in possession did not have the legal title to the notes, but was either merely an equitable owner or an agent of the payee, or a wrongful possessor thereof; and, before paying the notes, the maker thereof had a right to find out whether, in fact, the person in possession of the notes was the owner of the notes, or the agent of the owner. It is a general rule of law that a person dealing with another person's agent must take notice of the terms of the agency, and is bound thereby.

Bouvier's Law Dictionary defines "holder" as follows:

"The holder of a bill of exchange ·is the person who is legally in possession of it, either by endorsement or delivery, or both, and entitled to receive payment either from the drawee or acceptor, and is considered as an assignee. *Ludlow* v. *Bingham,* 4 Dall. 53, 1 L. Ed. 736. And one who indorses a promissory note for collection, as an agent, will be considered the holder for the purpose of transmitting notices; *Smedes* v. *Bank,* 20 Johns, N. Y. 372; *Bowling* v. *Harrison,* 16 How. 248, 12 L. Ed. 425. No one but the holder can maintain an action on a bill of exchange; Byles, Bills 2."

Black, in his Law Dictionary, had practically the same definition. See, also, Words and Phrases (All Series), word "Holder."

Since the appeal was taken, the judgment below has been corrected. Under section 772, Hemingway's Code

of 1927, section 1016, Code of 1906, consequently the assignment of error based on the mistake as to amount is thereby eliminated from the cause.

The judgment below is affirmed.

*Affirmed.*